# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 23, 2009

136752-3 & (39)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

MARK CHABAN, P.C., Successor of Law
Office of Mark Chaban,
　　　　　　Plaintiff-Appellant,

v

SHIRLEY GETSINGER, JOSEPH P.
BUTTIGLIERI, THEODORE P. PANARETOS,
and KEMP, KLEIN, UMPRHEY, ENDELMAN &
MAY, P.C.,
　　　　　　Defendants-Appellees.

SC: 136752-3
COA: 282109; 282481
Wayne CC: 07-709097-AV

_____/

On order of the Court, the motion to intervene as appellant is GRANTED. The application for leave to appeal the May 14, 2008 orders of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for reconsideration of its May 14, 2008 orders to afford Tindall & Company P.C. the opportunity to present arguments in support of the portions of the probate court's March 6, 2006 and March 8, 2006 orders awarding sanctions that were vacated by the Court of Appeals' May 14, 2008 order in No. 282481.

We do not retain jurisdiction.

CORRIGAN, J., I am not participating in this case because I retained defendant Joseph P. Buttiglieri to represent my husband's estate in probate court and on other matters.

YOUNG, J. *(concurring)*.

I concur in the order remanding this case to the Court of Appeals. I write separately to commend to the Court of Appeals the following provisions, which may cause the panel to reconsider its previous analysis. MCL 600.2591 provides in pertinent part:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

* * *

(3) As used in this section:

(a) "Frivolous" means that *at least 1* of the following conditions is met:

(i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit. [Emphasis added.]

And MCR 2.114 provides in pertinent part:

(D) Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the document;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) *the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.*

(E) Sanctions for Violation.  If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees.  The court may not assess punitive damages.  [Emphasis added.]

The probate court expressly determined that defendant acted "in a manner specifically injected to prolong the proceedings" and "the reason [defendant] was asserting that position was primarily to harass, embarrass or injure [plaintiff]."  Thus, on remand, the Court of Appeals may wish to reconsider its determination that the probate court "had no basis upon which to assess sanctions under MCR 2.114 . . . or MCL 600.2591."[1]

---

[1] *Mark A Chaban PC v Getsinger*, unpublished order of the Court of Appeals, entered May 14, 2008 (Docket No. 282481).



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 23, 2009

s0616

Clerk